UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:24-cv-24099-ALTMAN/Lett

RENZO BARBERI,

    Plaintiff,

vs.

RALUNA SOLAR ENERGY SOLUTIONS INC., a Florida Profit Corporation d/b/a CUTLER BAY SOLAR SOLUTIONS and SOLAR SOLUTIONS OF FLORIDA HOLDINGS INC., a Florida Profit Corporation,
    Defendants.
_____/

**PLAINTIFF'S VERIFIED MOTION FOR ATTORNEYS' FEES, COSTS, EXPERT WITNESS FEES AND LITIGATION EXPENSES AND MEMORANDUM OF LAW**

Plaintiff, RENZO BARBERI ("Plaintiff"), by and through undersigned counsel, pursuant to Final Judgment [DE 58] entered in favor of Plaintiff and against Defendants, RALUNA SOLAR ENERGY SOLUTIONS INC. d/b/a CUTLER BAY SOLAR SOLUTIONS and SOLAR SOLUTIONS OF FLORIDA HOLDINGS INC. ("Defendants") and §§ 12205 & 12217, hereby moves this Honorable Court for an award of attorneys' fees, costs, litigation expenses, and expert fees.

**INTRODUCTION**

This is an action for injunctive relief and attorneys' fees and costs pursuant to 42 U.S.C. §12181 et seq. ("Americans with Disabilities Act" or "ADA"). On June 10, 2025, this Honorable Court entered Final Judgment in favor of Plaintiff and against Defendants. *See* [DE 58]

In full compliance with Local Rule 7.3(b), the undersigned counsel certifies that the Parties have conferred in good faith effort to resolve the amount of Plaintiff's attorney's fees, litigation expenses, expert fees, and costs and have spent the past couple of weeks going over each and every time entry and have resolved and concession made. Further, the parties have agreed on the hourly rate as well.

Therefore, Plaintiff now requests that the Honorable Court award Plaintiff his attorneys' fees, costs, litigation expenses, and expert fees pursuant to §§ 12205 & 12217, in the total amount of $53,315.20 for the entire work done in the instant matter. Defendants agree to reasonableness as well.

## **MEMORANDUM OF LAW**

### I. A PREVAILING PLAINTIFF IS ENTITLED TO THEIR ATTORNEY FEES, COSTS, LITIGATION EXPENSES AND EXPERT FEES

Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action, and has incurred attorneys' fees, including costs, litigation expenses and expert's fees and costs. Plaintiff is entitled to recover those attorneys' fees, costs, and litigation expenses from Defendants pursuant to §§ 12205 & 12217 and S.D. Fla. L.R. 7.3. In the instant action, the Court has Ordered that Plaintiff is entitled to recover his reasonable attorneys' fees, costs, and litigation expenses from Defendants. *See* [DE 58].

**A. Calculating Attorneys' Fees**

In a civil rights case, the amount of an award of attorneys' fees is calculated by determining the reasonable hourly rate for the legal services involved and multiplying that rate by the number of hours reasonably expended. *See Hensley v. Eckerhart*, 461 U.S. 424, 433

(1983). Factors to be considered when setting a fee include: (A) the amount involved and the results obtained; (B) the time and labor required; (C) the novelty and difficulty of the issues; (D) the skill required to perform the legal services properly; (E) the preclusion of other employment; (F) the customary fee; (G) whether the fee is fixed or contingent; (H) the time limitations imposed by the client or circumstances; (I) the experience, reputation and ability of the attorneys; (J) the undesirability of the case; (K) the nature and length of the professional relationship with the client; and (L) awards in similar cases. *Hensley, supra*, p. 429-430, *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-719 (5th Cir. 1974).

**1. The Results Obtained.**

Civil rights laws in general depend heavily upon private enforcement. *Hensley v. Eckerhart*, 461 U.S. 424, 445(1983). Where the ADA is concerned, "private enforcement suits are the primary method of obtaining compliance with the Act," *D'Lil v. Best Western Encina Lodge & Suites*, 538 F. 3d 1031, 1036 (9th Cir 2008); *Doran, v. 7-Eleven, Inc.,* 524 F.3d at 1041(same). Because of the importance of the federal rights private enforcement actions vindicate, such actions are, as the Supreme Court noted, "private in form only." *Guardian Ass'n v. Civil Service Comm'n*, 463 U.S. 582 (1983). In *Villano v. Boynton Beach*, 254 F.3d 1302, 1306 (11th Cir. 2001) the Eleventh Circuit held that "successful civil rights actions vindicate a public interest ...[and] [p]ublic benefit is a distinct measure of success in civil rights actions and ... a court must account for that distinct measure of success when calculating an award of fees and costs."

As the result of this lawsuit, Plaintiff shall obtain significant beneficial results which

3

substantially increase the accessibility of Defendants' facility to disabled individuals.[1]

**2. The Experience, Reputation, and Ability of the Attorneys.**

Plaintiff's attorneys have significant litigation experience in both Federal and State Court and have significant experience in civil rights cases, including ADA Title III litigation.

Ronald Stern has approximately twenty years of experience as an attorney. He was admitted to practice in Florida in 2005. He is also admitted to practice before the Eleventh District Court of Appeals; the United States District Court for the Southern District of Florida; the United States District Court for the Middle District of Florida; and the United States District Court for the Western District of Texas. Ronnette Gleizer has over fourteen years of experience as an attorney. She was admitted to practice in Florida in 2011, and is also admitted to practice before the Eleventh District Court of Appeals and the United States District Court for the Southern District of Florida. Mr. Stern and Ms. Gleizer both concentrate their practice in representing disabled plaintiffs in ADA cases and have handled literally hundreds of actions seeking to address ADA violations. Muminat Kerimova provided paralegal services in this action. Ms. Kerimova has an MA degree from Florida International University and has been with The Advocacy Law Firm P.A. since January 2018. Gemma Rovshan has been with The Advocacy Law Firm, P.A. since December 2022.

**3. The Time and Labor Required.**

Appended to this motion and identified as Exhibit "A," is a copy of the time records of Plaintiff's counsel documenting the time and effort which was required to obtain the resolution of

---

[1] This is a suit for injunctive relief and no monetary damages are sought. Therefore, the "amount involved" is inapplicable as a factor in this action.

4

this case.

In addition, the time expended by Plaintiff's counsel in drafting this motion and filing it is included. In general, time incurred by Plaintiff's counsel in filing, preparing, and litigating this fee application and any fee hearings thereon is compensable. *See Martin v. University of South Alabama*, 911 F.2d 604, 610 (11th Cir. 1990); *Guerrero v. Commings*, 70 F.3d 1111 (9th Cir. 1995); *Davis v. City and County Of San Francisco*, 976 F.2d 1536, 1544 (9th Cir. 1992); *Valley Disposal, Inc. v. Central Vermont Solid Waste Mgmt. Dist.*, 71 F.3d 1053 (2nd Cir. 1995); *Barlow-Gresham Union High School District No. 2 v. Mitchell*, 940 F.2d 80 (9th Cir. 1991); *Lund v. Affleck*, 587 F.2d 75 (1st Cir. 1978); *Gagne v. Maher*, 594 F.2d 336 (1979); *Johnson v. State of Mississippi*, 606 F.2d 635 (5th Cir. 1979); *Bagby v. Beal*, 606 F.2d 411 (3d Cir. 1979); *Prandini v. National Tea Company*, 585 F.2d 47 (3d Cir. 1978).

As set forth in Exhibit "A," Plaintiff's counsel, Ronald Stern, spent 75.2 hours working on this case. In addition, Ronnette Gleizer spent 2.4 hours working on this case, and there was 10.4 hours of paralegal time and 0.3 hours of work by the assistant involved. Furthermore, the amounts in Exhibit "A" do not account for any attorney time and costs which shall be expended after the filing of the instant motion. After some reductions made per Defendants' request, the Defendants have agreed that the time detailed above was reasonable and necessary to bring this matter to conclusion with the beneficial results obtained.

**4. The Novelty and Difficulty of the Questions Presented and the Skill Requisite to Perform the Legal Service Properly**

It is estimated that there are very few firms nationwide that litigate Title III ADA claims. Effective representation of plaintiffs in ADA actions requires not only sophisticated general

5

litigation skills, such as familiarity with the rules of evidence and procedure, but, in addition, presents numerous issues regarding entitlement to injunctive relief, Article III standing, barriers to access, undue burden, exemptions, new construction and alterations versus pre-ADA construction, extensive knowledge of the ADAAGs (relevant ADA accessibility guidelines), the Technical Assistance Manual and a multitude of other guides issued by the Department of Justice, the extensive body of case law issued by the courts nationwide, and finally whether remedial measures are "readily achievable." In addition, it is not unusual for plaintiffs' attorneys to find themselves opposed by the resources of corporate defendants.

For those reasons, Plaintiff submits that the novelty and difficulty of the issues presented in ADA actions and the skill requisite to properly address such issues justify a higher rate than many other areas of practice.

**5. The Preclusion of Other Employment Due to Acceptance of the Case and the Undesirability of the Case.**

As noted above, the United States Supreme Court has recognized that civil rights advocates act as "private attorney generals." *See e.g., Hensley*, 461 U.S. at 445. The primary, and perhaps singular, reason public places are beginning to comply with the obligations of the ADA is because of private enforcement suits. See *Antoninetti v. Chipotle Mexican Grill, Inc.*, 613 F. 3d 971, 980 (9th Cir 2010), *cert. denied*, *Chipotle Mexican Grill, Inc. v. Antoninetti*, 2011 WL 645276 (79 USLW 3514, April 18, 2011). That notwithstanding, the efforts of individuals such as the Plaintiff and the attorneys who represent the disabled are "not pleasantly received," *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 719 (5th Cir. 1974). As another court was far blunter in describing the reaction as one of "vitriolic hostility." *Mallory v. Harkness*, 923 F.Supp.

1546, 1555 (S.D. Fla. 1996).

Because of the negative publicity and attitude that many have toward Title III ADA actions, plaintiffs' attorneys are predictably precluded from other employment based on acceptance of the case. For instance, it is highly unlikely that a plaintiff's lawyer would attract business clientele. It has been recognized that civil rights plaintiffs' work is oftentimes undesirable, and that plaintiffs' attorneys are economically impacted by their decision to help the civil rights litigant. As explained in *Johnson v. Georgia Highway Exp., Inc.*, 488 F.2d 714, 719 (5th Cir. 1974):

> "Civil rights attorneys face hardships in their communities because of their desire to help the civil rights litigant.... Oftentimes his decision to help eradicate discrimination is not pleasantly received by the community or his contemporaries. This can have an economic impact on his practice which can be considered by the Court."

Additionally, in the instant case, the Plaintiff's rights and those of all disabled individuals were vindicated by counsel working on this case, the time which could have been spent on other matters.

**6. The Reasonable Hourly Rate, the Customary Fee, and Fees Awarded in Similar Cases.**

A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of comparable skills, experience, and reputation. *See Marisol A. v. Giuliani*, 111 F. Supp.2d 381 (S.D.N.Y.2000). The relevant community to which the Court should look is the district in which the case was brought. *Patrolmen's Benevolent Assn of the City of New York, Inc. v. The City of New York*, 2003 WL 21782675 (S.D.N.Y. 2003); *AR v. New York City Department of Education*, 407 F.3d 65 (2d Cir 2005); *Access 4 All, Inc. v. Park Lane Hotel,*

*Inc.*, 2005 WL 3338555 (S.D.N.Y. 2005).

In determining the reasonableness of the fees and hourly rate, it is appropriate to consider rates awarded in other cases. Evidence may include "citations to prior precedents showing reasonable rate adjudications for the fee applicant, for comparable attorneys, or for comparable cases." *Haugh v. Sec'y of Dep't of HHS*, No. 90-3128V, 1999 WL 525539, at *2 (Fed.Cl. June 30, 1999); *Design & Prod., Inc. v. United States*, 20 Cl.Ct. 207, 220 (1990) (same). Furthermore, because the attorney compensation is based on contingency, and payment has not been made, courts award the current prevailing market rate. The current market rate is the rate at the time of the fee petition, not the rate at the time the services were performed. This takes into account the delay in payment. *Lanni v. State of New Jersey*, 259 F.3d 146, 149-50 (3d Cir. 2001).

Throughout this litigation, Plaintiff was represented by the firm of The Advocacy Law Firm, P.A.; attorney Ronald Stern provided the representation for the firm, assisted by associate Ronnette Gleizer, Esq., paralegal Muminat Kerimova, and legal assistant Gemma Rovshan. In the instant action, Plaintiff seeks to be awarded a fee at an hourly rate for attorney Ronald Stern of $570.00, an hourly rate for attorney Ronnette Gleizer of $350.00, for Muminat Kerimova an hourly rate of $175.00, and for Gemma Rovshan an hourly rate of $100.00. This amount is reasonable considering counsels', the paralegal's, and the assistant's experience in this field, the contingent nature of the case and that it is in line with the prevailing market rate. The Defendants have agreed that the hourly rates above are reasonable.

**7. The Time Limitations Imposed by the Client or Circumstances.**

Because the barriers to access complained of by Plaintiff restricted and/or limited Plaintiff's access to the Subject Facility, time was of the essence. Every day that passed while the

*Inc.*, 2005 WL 3338555 (S.D.N.Y. 2005).

In determining the reasonableness of the fees and hourly rate, it is appropriate to consider rates awarded in other cases. Evidence may include "citations to prior precedents showing reasonable rate adjudications for the fee applicant, for comparable attorneys, or for comparable cases." *Haugh v. Sec'y of Dep't of HHS*, No. 90-3128V, 1999 WL 525539, at *2 (Fed.Cl. June 30, 1999); *Design & Prod., Inc. v. United States*, 20 Cl.Ct. 207, 220 (1990) (same). Furthermore, because the attorney compensation is based on contingency, and payment has not been made, courts award the current prevailing market rate. The current market rate is the rate at the time of the fee petition, not the rate at the time the services were performed. This takes into account the delay in payment. *Lanni v. State of New Jersey*, 259 F.3d 146, 149-50 (3d Cir. 2001).

Throughout this litigation, Plaintiff was represented by the firm of The Advocacy Law Firm, P.A.; attorney Ronald Stern provided the representation for the firm, assisted by associate Ronnette Gleizer, Esq., paralegal Muminat Kerimova, and legal assistant Gemma Rovshan. In the instant action, Plaintiff seeks to be awarded a fee at an hourly rate for attorney Ronald Stern of $570.00, an hourly rate for attorney Ronnette Gleizer of $350.00, for Muminat Kerimova an hourly rate of $175.00, and for Gemma Rovshan an hourly rate of $100.00. This amount is reasonable considering counsels', the paralegal's, and the assistant's experience in this field, the contingent nature of the case and that it is in line with the prevailing market rate. The Defendants have agreed that the hourly rates above are reasonable.

**7. The Time Limitations Imposed by the Client or Circumstances.**

Because the barriers to access complained of by Plaintiff restricted and/or limited Plaintiff's access to the Subject Facility, time was of the essence. Every day that passed while the

undersigned did not work on the case and make every effort to expedite its resolution, by pursuing litigation, was another day that the Facility would remain inaccessible.

**8. The Nature and Length of the Professional Relationship with the Client.**

Plaintiff's attorneys have represented plaintiffs and defendants in many other actions and have a continuing relationship with the clients, including Plaintiff in this particular action. This has led to increased efficiency in the prosecution of this litigation.

**B. Expert Fees, Costs, and Litigation Expenses**

A prevailing party is entitled to costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure. These costs are defined by 28 U.S.C. §1920, which provides for recovery of, *inter alia*, (1) fees of the Clerk and process server; (2) court reporter fees "for all or any part of the stenographic transcript obtained for use in the case"; (3) fees for printing and witnesses; (4) fees "for exemplification and copies of papers necessarily obtained for use in the case"; and (5) docket fees. Additionally, in civil rights actions, a prevailing party may recover expenses not normally available under §1920. See *Dowdell v. City of Apopka*, 698 F. 2d 1181, 1189-92 (11th Cir 1983). Such additional expenses cover "with the exception of routine overhead, normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of the settlement of the case." *Id*. at 1192. *Dowdell* reversed the lower court for its refusal to tax travel, telephone and postage expenses as costs.

Courts routinely grant to the prevailing party the cost of the filing fee incurred in bringing a lawsuit. Pursuant to Section 1920(1), Plaintiff seeks to recover filing fees paid in the amount of $405.00. The receipt number associated with such payment is AFLSDC-17929608. *See e.g., James v. Wash Depot Holdings, Inc.,* 242 F.R.D. 645, 652 (S.D. Fla. 2007)

Service of process fees paid to private process servers are taxable so long as the amount does not exceed the amount charged by the U.S. Marshals Service. *E.E.O.C. v. WO,* 213 F.3d 600, 624 (11th Cir. 2000). This Circuit has held that §1920(1), read in conjunction with 28 U.S.C. §1921, authorizes a court to tax private process servers' fees as costs. Plaintiff seeks to recover fees paid to the process server in the amount of $90.00. The process server fees were $45.00 for serving each Defendant.

Generally, absent express statutory authority, the reimbursement for expert witness fees under 28 U.S.C. §1920(3) is limited, as it is for all witnesses, by the provisions of 28 U.S.C. §1821(b). *Crawford Fitting Co. v JT Gibbons*, 482 U.S. 437, 442 (1987). However, the ADA is one of those statutes that allows for the recovery of expert witness fees. As another court facing this issue noted:

> The ADA authorizes a court to award attorneys′ fees, litigation expenses and costs to a prevailing party. See 42 U.S.C. § 12205; see also 28 C.F.R. § 35.175. The preamble to the ADA Title II regulations explains that "[l]itigation expenses include items such as expert witness fees, travel expenses, etc." 28 CFR Pt. 35, App. A, Section-by-Section Analysis, §35.175. This construction of the statute is consistent with its legislative history. According to committee reports, Congress included the term "litigation expenses" in order to authorize a court to shift costs such as expert witness fees, travel expenses, and the preparation of exhibits. See H.R. Rpt. No. 101–485(III) at 73, reprinted in 1990 U.S.C.C.A.N. 445, 496 (Report of the Committee on the Judiciary) ("Litigation expenses to include the costs of expert witnesses. This provision explicitly incorporates the phrase 'including litigation expenses' to respond to rulings of the Supreme Court that items such as expert witness fees, travel expenses, etc., be explicitly included if intended to be covered under an attorney′s fee provision."); H.R. Rpt. No. 101-485(II) at 140, reprinted in 1990 U.S.C.C.A.N. 303, 423 (Report of the Committee on Education and Labor) ("Litigation expenses include the costs of experts and the preparation of exhibits.").

*Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002); *see also Hansen v. Deercreek Plaza, LL*

10

*C*, 420 F. Supp. 2d 1346, 1353 (S.D. Fla. 2006) ("A prevailing ADA plaintiff may recover expert fees as a litigation expense.") (internal citation omitted). *Also see*, *e.g., Barberi v. Pego International Corp.*, Case No. 15-cv-23873-KMM [DE 24] (S.D.Fla May 17, 2016); *Barberi v. Benitez Fine Art Gallery, et al.*, 1:16-cv-20949-JLK [DE 24] (S.D.Fla July 22, 2016); *Barberi v. La Curva Restaurant Corp., et al.*, 1:15-cv-24737-DPG [DE 31] (S.D.Fla September 7, 2016); *Barberi v. Casa Panza Café, Inc., et al.*, 1:16-23174-civ-JAL [DE 14] (S.D.Fla September 8, 2016); *Barberi v. La Pinarena Gallo Pinto Corp.*, Case No. 16-cv-23959-UU [DE 22] (S.D.Fla November 17, 2016); *Caplan v Leung Healthcare North Miami Beach, Inc. et al.*, 24-cv-22930-JB (S.D. Fla. December 5, 2024) [DE 15]. Plaintiff retained Mr. Jon Kronillis as an expert to perform an evaluation of the Subject Facility and is entitled to recover such expert fees.

Printing charges are taxable as costs to a prevailing party under 28 U.S.C. §1920(4). Beyond the costs authorized in §1920, the ADA authorizes an award of litigation expenses under 42 U.S.C. §12205. "Section 12205's allowance of 'litigation expenses' is much broader than the provisions of §1920," and it includes expenditures for items that are related to the advancement of the litigation. *Corbett v. Nat'l Prods.*, No. 94-2652, 1995 WL 284248, at *4 (E.D.Pa. May 9, 1995); *accord Chaffin v. Kansas*, No. 01-1110-JTM, 2005 WL 387654, at *2 (D.Kan. Feb. 17, 2005); *Robins v. Scholastic Book Fairs*, 928 F.Supp. 1027, 1036-37 (D.Or. 1996).

Plaintiff's expenses are fully itemized in Exhibit "A."

Also included in Exhibit "A" is a $500.00 re-inspection fee for the expert's re-inspection of the Subject Facility that will be conducted after the deadline the Court set for the Defendants to complete remediation of the existing barriers to access. See [DE 58] Re-inspection fees have been awarded in civil rights cases in order to monitor compliance with the court order. See

*Access For America, Inc. v. Oakwood Center, L.C.*, Case No. 8:02-civ-464-T-30MSS (M.D. Fla. 2003); *Access For America, Inc. v. Fram Fed Four, Inc.*, Case No. 02-60605-civ-Lenard/Simonton, at p. 14 (S.D. Fla. 2002); *Access 4 All, Inc. v. Business Consultants International Corp.*, Case No. 02-21482-civ-Ungaro-Benages/Brown p. 10 (S.D. Fla. 2002); *Access 4 All, Inc. v. Safari Investments, Inc.,* Case No. 01-4795-civ-Jordan/Bandstra, p. 11 (S.D. Fla. 2002); *Barberi v. Pego International Corp.,* Case No. 15-cv-23873-KMM [DE 24] (S.D. Fla May 17, 2016); *Barberi v. La Pinarena Gallo Pinto Corp.*, Case No. 16-cv-23959-UU [DE 22] (S.D. Fla November 17, 2016).

## CONCLUSION

As itemized in Exhibit "A," Plaintiff's attorneys' fees, expert fees, costs, and litigation expenses are as follows:

(a) Plaintiff has incurred $43,704.00 for attorneys' fees for Ronald Stern's time and for Ronnette Gleizer's time;

(b) paralegal and legal assistant fees of $1,850.00; and

(c) expert fees, costs, and litigation expenses in the amount of $7,761.20.

Thus, Plaintiff's total attorney fees, costs, expert fees, and litigation expenses incurred to date without taking into accounting future enforcement time and costs is $53,315.20.

Based on the aforementioned authorities and on the agreement reached with the Defendants, Plaintiff respectfully requests that the Honorable Court award Plaintiff his attorneys' fees, costs, litigation expenses and expert fees in the amount of $53,315.20.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter an order awarding him his attorney's fees, litigation expenses, expert witness fees, and costs in the amount of $53,315.20 and granting any such further relief in favor of Plaintiff that the Honorable Court deems just and proper.

Respectfully submitted,

By: *Ronald Stern*
Ronald Stern, Esq.
Florida Bar No. 10089
THE ADVOCACY LAW FIRM, P.A.
1835 E Hallandale Beach Blvd., # 757
Hallandale, Florida 33009
Telephone: (954) 639-7016
Email: ronsternlaw@gmail.com
Attorney for Plaintiff

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 17th day of July 2025, I electronically filed the foregoing with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

By: *Ronald Stern*
Ronald Stern, Esq.
Florida Bar No. 10089
THE ADVOCACY LAW FIRM, P.A.
1835 E Hallandale Beach Blvd., # 757
Hallandale, Florida 33009
Telephone: (954) 639-7016
Email: ronsternlaw@gmail.com
Attorney for Plaintiff